NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDIRIZAQ EGE, individually, and on behalf of other members of the general public similarly situated; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> EXPRESS MESSENGER SYSTEMS INC., DBA OnTrac, a Delaware corporation and DOES 1 THROUGH 100, inclusive, <br><br> Defendants-Appellees. | No.   17-35123 <br><br> D.C. No. 2:16-cv-01167-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted November 6, 2018[**]
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

Appellants appeal the district court's dismissal of their complaint in favor of arbitration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal in favor of arbitration. *See Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1151 (9th Cir. 2008), *cert. denied*, 557 U.S. 920 (2009). The parties are familiar with the facts, so we do not repeat them here.

On July 29, 2015, appellant Ege filed a class action complaint against Express Messenger Systems, Inc. d/b/a OnTrac, a transportation broker. Ege asserted state law claims for failure to pay overtime and minimum wages, failure to provide rest and meal breaks, failure to timely pay wages upon termination and willful refusal to pay wages on behalf of a proposed class of current and former delivery drivers who worked for OnTrac in Washington from July 29, 2012 to present. The complaint alleged that OnTrac intentionally misclassified appellant Ege and putative class members as contractors rather than employees, and failed to provide benefits such as overtime, meal and rest breaks to which certain employees are entitled under state law. On July 8, 2016, Ege filed an Amended Complaint adding Farah and Hassan as additional plaintiffs. OnTrac removed the matter to federal court on July 28, 2016, pursuant to 28 U.S.C. §§ 1332 and 1441.

On August 4, 2016, OnTrac filed a Motion to Dismiss or in the Alternative to Stay Proceedings and Compel Arbitration. OnTrac asserted that appellants were required to submit their claims to arbitration pursuant to the Federal Arbitration

2

Act, because OnTrac was a third-party beneficiary to the Owner/Operator agreements between appellants and SCI, a third party administrator, and the agreements contained arbitration provisions.

On January 10, 2017, the district court granted OnTrac's Motion to Dismiss. The district court concluded that OnTrac was a third-party beneficiary to the Owner/Operator agreements, appellants' claims were arbitrable and arbitration was the proper forum in which to adjudicate the claims. Appellants did not challenge the validity of the Owner/Operator agreements in the district court.

Under Washington law, a third-party beneficiary contract exists when the contracting parties intend to create one. *Lonsdale v. Chesterfield*, 99 Wash.2d 353, 360-61, 662 P.2d 385 (1983). The test for determining whether contracting parties intended to create a third-party beneficiary is whether "performance under the contract would necessarily and directly benefit" the third party. *Id*. at 362.

We conclude that appellants' performance under the agreements necessarily and directly benefitted OnTrac, and therefore OnTrac was a third-party beneficiary. As the district court noted, appellants' work under the agreement--delivering parcels--was an integral part of OnTrac's business, and the agreements obligated appellants to indemnify logistics company customers, grant customers the right to subrogate claims and notify customers within four hours of any accidents.

Appellants argue for the first time on appeal that the Owner/Operator agreements contain multiple substantively unconscionable provisions. We do not consider the unconscionability arguments because they were not raised in the district court. *In re Mortgage Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976)). The district court properly dismissed appellants' complaint in favor of arbitration. Appellants' Motion to Stay Appeal pending the Supreme Court's decision in *New Prime, Inc. v. Oliveira*, No. 17-340, is denied.

**AFFIRMED.**